UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re APELLIS PHARMACEUTICALS, INC. SECURITIES LITIGATION | CA No. 1:24-cv-11470-JEK <br><br> **LEAVE TO FILE GRANTED ON 11/21/24** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' POST-ARGUMENT "NOTICE"**

Plaintiffs respectfully respond to Defendants' November 19, 2024 "Notice" (ECF No. 98) purportedly providing information requested by the Court about the date the FDA posted the protocols for the DERBY and OAKS clinical trials on the website clinicaltrials.gov.[1] In fact, Defendants' Notice only reaffirms their uncertainty about the date in question, raising a potential issue of fact. The Notice then goes on to cite documents unrelated to the Court's question, pointing to isolated references to fluorescein angiography ("FA") testing in various presentations mentioned in the Amended Complaint (ECF No. 54; "AC"). None of the cited pages, however, describe the protocols for FA testing in any complete or systematic way.

But even assuming the availability of the protocols in question to investors, reasonable investors, who are not held to the standard of scientific experts (*see* ECF No. 83 ("Pl. Opp.") at 13-14), would not have understood that the testing required by the protocols—however adequate for the FDA's purposes—was inadequate to support Defendants' Class Period representations about the absence of vasculitis (or reports of vasculitis).[2] Those investors would not understand, as Defendants did (*see, e.g., id.* at 12, 16), that prompt FA was required upon the appearance of inflammation and ischemic neuropathy—potential symptoms of vasculitis—for Defendants to be able to represent the presence or absence of the condition, or that delay in performing FA makes the

---

[1] *See* Transcript of oral argument, held on November 14, 2024, at 11:24-12:4.

[2] As Plaintiffs noted at oral argument, the word "vasculitis" appears nowhere in the protocols for the clinical trials. *See, e.g.*, ECF No. 82-17.

test less effective. At a minimum, the question of what reasonable investors understood raises an issue of fact that cannot be decided under Rule 12, and Plaintiffs' well-pled and plausible allegations must, for now, be accepted as true.

In short, Defendants' representations of the absence of vasculitis were at best actionable half-truths—that is, "representations that state the truth only so far as it goes, while omitting critical qualifying information." *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 258 (2024) (citation and internal quotation marks omitted). "Rule 10b–5(b) requires disclosure of information necessary to ensure that statements already made are clear and complete." *Id.*

Or, as the Supreme Court put it in *Omnicare* (in the context of opinion statements), a defendant can be liable for "omit[ting] material facts about the issuer's inquiry into or knowledge concerning a statement" when those facts "conflict with what a reasonable investor would take from the statement itself." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 189 (2015). Here, a reasonable investor would understand that Defendants had undertaken sufficient testing to justify the representations made. But they had not.

DATED: November 20, 2024

Respectfully submitted,

       */s/ Alan I. Ellman*
       ALAN I. ELLMAN

**ROBBINS GELLER RUDMAN & DOWD LLP**
Robert M. Rothman (*pro hac vice*)
Alan I. Ellman (*pro hac vice*)
Mark T. Millkey (*pro hac vice*)
Brent E. Mitchell (*pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**
Theodore M. Hess-Mahan, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Lead Plaintiffs*

rrothman@rgrdlaw.com
aellman@rgrdlaw.com
mmillkey@rgrdlaw.com
bmitchell@rgrdlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Michael J. Wernke (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

**WATKINS, PAWLICK,
   CALATI & PRIFTI, PC**
Lauren Crummel
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
lcrummel@wpcplaw.com

*Additional Counsel for Lead Plaintiffs*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, CA  90067
Telephone:  310/692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff
Ray Peleckas*